UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY CLARK,

    *Plaintiff*,                              CASE NO. 09-CV-12717

v.                                     DISTRICT JUDGE DENISE PAGE HOOD
                                        MAGISTRATE JUDGE CHARLES E. BINDER

NURSE SCOTT, HEALTH SERVICE
ADMINISTRATOR NAVIDA,
NURSE FORTUNE, UNITED
STATES OF AMERICA, DOCTOR
MALATINSKY,

    *Defendants*.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**


**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.


**II.    REPORT**

    **A.    Introduction**

Plaintiff Anthony Clark is a federal prisoner who is incarcerated at the Federal Correctional Institution in Milan, Michigan. On July 9, 2009, Plaintiff filed a *pro se* prisoner civil rights complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d

619 (1971),[1] asserting that his Eighth Amendment right to not have his serious medical needs met with deliberate indifference was violated.

Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on July 16, 2009. On August 7, 2009, U.S. District Judge Denise Page Hood referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.    Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the

---

[1] A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

**C.     Plaintiff's Allegations**

Plaintiff states that on Saturday, October 4, 2008, he experienced severe numbing and tingling pain on his left side, so he went to healthcare. There he was seen by Defendant Nurse Scott, who performed an electrocardiogram ("EKG"). (Compl. at 3.) Plaintiff alleges that Nurse

3

Scott telephoned a physician's assistant at home because she did not know how to read the EKG printout, and then she sent Plaintiff back to his unit and told him to come to sick call on Monday. (*Id.*) Plaintiff states that when he went back to healthcare on Monday, another EKG was performed, he was transferred to a hospital, and was diagnosed as having had a heart attack. Plaintiff claims that he was told that his "heart attack started Saturday." (*Id.*) He states that now he has irreversible heart damage. (*Id.*)

As relief, Plaintiff seeks to have the employment of everyone associated with his medical care terminated, lifetime healthcare provided, and $1 million from the employees personally and from the United States as their employer. (*Id.*)

**D.     Analysis and Conclusions**

**1.     Defendants Navida, Fortune and Malatinsky**

The Supreme Court has made it clear that a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant). In this case, there are no allegations made in the complaint against Defendant Nurse Fortune, Defendant Navida, the Health Service Administrator, or Defendant Malatinsky, a staff doctor. Indeed, their names only appear where Plaintiff listed the names of the defendants. Accordingly, I suggest that Plaintiff has failed to state a claim against these defendants and that they be *sua sponte* dismissed.

Additionally, to the extent that Plaintiff has sued Defendants Navida and Malatinsky because of their supervisory positions over Nurse Scott, I suggest that the result does not change.

4

To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). There is no *respondeat superior* liability available, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. at 691-92. Here, where Plaintiff has not alleged that Defendants Navida and Malatinsky personally participated in unconstitutional conduct or that they were aware of widespread abuses yet did nothing, I suggest that Plaintiff has failed to state a claim under *Monell*.

       **2.**      **Defendant Scott**

Plaintiff alleges that Defendant Nurse Scott saw him on October 4, 2008, performed an EKG, and sent him back to his unit. Liberally construed, Plaintiff is alleging that Nurse Scott failed to diagnose that he was having a heart attack and take the appropriate action. He thus claims that his right to adequate medical care was violated.

A prisoner's claim of inadequate medical care falls under the Eighth Amendment's provision that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. This amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, liability exists "only if [the defendant] knows that inmates

face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "Deliberate indifference . . . does not include negligence in diagnosing a medical condition." *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). Even if plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). *See also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law").

Here, where Plaintiff acknowledges that he received medical attention but claims that it was negligent or inadequate, he is alleging a medical malpractice claim which does not rise to the level of an Eighth Amendment violation pursuant to *Estelle* and *Westlake*. Accordingly, I suggest that Plaintiff has failed to state a claim against Defendant Nurse Scott and that she should be *sua sponte* dismissed.

### 3. **Defendant United States**

Although Plaintiff does not mention the Federal Torts Claim Act ("FTCA") in his complaint, a liberal reading of the complaint could encompass such a claim. The FTCA provides a limited waiver of sovereign immunity making the United States liable for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

However, in order for this Court to exercise jurisdiction over a claim brought pursuant to the FTCA, a prisoner must have exhausted the Bureau of Prisons' administrative remedy program, *see* 28 C.F.R. §§ 543.10-19, and second, a prisoner must have filed an administrative claim with the regional office. *See* 28 C.F.R. §§ 543.30-32; 28 U.S.C. § 2675(a). The administrative claim prerequisite is a jurisdictional requirement that cannot be waived. *See Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982); *Juide v. City of Ann Arbor*, 839 F. Supp. 497, 508 (E.D. Mich. 1993). Thus, unlike the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which is not jurisdictional and is therefore an affirmative defense, the burden is on the plaintiff seeking recovery under the FTCA to plead facts demonstrating presentment of an administrative claim pursuant to 28 U.S.C. § 2675. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S. Ct. 780, 782, 80 L. Ed. 1135 (1936); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *In Re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980). In the absence of such compliance, a district court has no subject matter jurisdiction over a plaintiff's claim. *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983).

In this case, Plaintiff has not pleaded facts to indicate that he presented an administrative claim prior to filing suit. Accordingly, I suggest that to the extent the complaint could be read to include a claim under the FTCA, this Court lacks subject matter jurisdiction and therefore I further suggest that the case be *sua sponte* dismissed in its entirety.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E. Binder*
                                                    CHARLES E. BINDER
Dated: September 3, 2009                      United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date; served by first class mail on Anthony Clark, #10813-424, at FCI Milan, P.O. Box 1000, Milan, MI, 48160; and served on District Judge Hood in the traditional manner.

Date: September 3, 2009                    By    s/*Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder