# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHONY CLARK,

        Plaintiff,                                 Case No. 09-12717

vs.                                                 HONORABLE DENISE PAGE HOOD

NURSE SCOTT, *et al.*,

        Defendants.
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND REFERRING MATTER BACK TO THE MAGISTRATE JUDGE

This matter is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation dated September 3, 2009. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on September 14, 2009.

The Magistrate Judge recommended that Plaintiff's Complaint be *sua sponte* dismissed for failure to state a claim upon which relief may be granted. Plaintiff, proceeding *pro se*, filed the instant action alleging that Defendants had violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. Plaintiff asserts that on October 4, 2008, he experienced severe numbing and tingling on the left hand side of his body, which began around 2:00 p.m. that day. Because it was a Saturday, he went to see the weekend nurse, Defendant Scott, who gave Plaintiff an EKG. Plaintiff alleges that Defendant Scott could not read the EKG and called a Physician's Assistant at home.

Nothing further was done for Plaintiff, Defendant Scott told him to go back to his cell and

return for sick call on Monday morning. On Monday, Plaintiff was again given an EKG, this time by a Physician's Assistant, who had Plaintiff transported to St. Joseph hospital, where he was diagnosed as having had a heart attack, beginning on Saturday, the date he was examined by Defendant Scott. Plaintiff avers that he has irreversible heart damage as a result of not being treated at the onset of his pain symptoms. Plaintiff further alleges that prior to this incident, he had gone to sick call on at least fifteen separate occasions in an effort to ascertain the underlying cause of his chest pain and shortness of breath.

Magistrate Judge Binder first recommended that Plaintiff's claims against Defendants Navida, Fortune and Malatinsky be dismissed because Plaintiff failed to identify how each of these individual defendants contributed to the deprivation of his constitutional rights. Plaintiff 's objection indicates that these individual defendants were Defendant Scott's supervisors and had an obligation to inform the Bureau of Prisons that Defendant Scott is not qualified for her position. The Court agrees with the Magistrate Judge and these defendants are *sua sponte* dismissed from this action. Plaintiff cannot correct the deficiency in his pleading by way of objection, and in any event, supervisor liability under section 1983 must be based on more than the right to control one's employees. *See Everson v. Leis*, 556 F. 3d 484, 495 (6th Cir. 2009). Further, a supervisor is not liable on a theory of failure to train unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* Defendants Navida, Fortune and Malatinsky are therefore *sua sponte* dismissed.

The Magistrate Judge also recommended that Plaintiff's Complaint be dismissed against Defendant Scott, finding that Plaintiff is merely alleging a medical malpractice claim. The Court disagrees. To state a § 1983 claim based upon a denial of medical care, the plaintiff is required to

demonstrate a subjective component and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 128 L.Ed. 2d 811, 114 S. Ct. 1861 (1994); *Brown v. Bargery*, 207 F. 3d 863, 867 (6th Cir. 2000). To establish the subjective component, Plaintiff must demonstrate that Defendant Scott possessed a "sufficiently culpable state of mind." *Farmer, 511 U.S.* at 834; *Blackmore v. Kalamazoo County*, 390 F. 3d 890, 895 (6th Cir. 2004). The defendant "must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Blackmore,* 390 F. 3d at 896 (quoting *Farmer*, 511 U.S. at 837). A "sufficiently culpable state of mind" is demonstrated when corrections officials act with deliberate indifference to an inmate's serious medical needs. *Farmer,* 511 U.S. at 834. Intentionally delaying or denying an inmate, who is suffering from a serious medical illness, access to medical care is deliberate indifference. *Estelle*, 429 U.S. at 104-05. Mere negligence is insufficient to establish the existence of the requisite mental state. *Blackmore*, 390 F. 3d at 895-96. Conversely, proof that the correctional official intended the harm to occur, or knew that harm would most likely result is not required to establish that the official acted with deliberate indifference. *Id.*

In order to establish the objective component, a plaintiff must demonstrate a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834; *Blackmore*, 390 F. 3d at 895. The plaintiff need not demonstrate that his illness worsened due to the delay in medical treatment, where the "illness is so obvious that even a layperson would easily recognize the necessity for a doctor's attention . . . ." *Blackmore*, 390 F. 3d at 899- 900. A plaintiff need only to establish that "he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame.*" Id.*

Here, Plaintiff has alleged that Defendant Scott was aware of facts from which an inference

-3-

could be drawn that Plaintiff was suffering from a serious medical need. Plaintiff complained of severe numbing and tingling on the left hand side of his body. Defendant Scott knew that this could be related to a heart condition, evidenced by her decision to give Plaintiff an EKG. Additionally, Plaintiff has alleged a sufficiently serious medical need, he was apparently experiencing a heart attack at the time he reported to sick call and was seen by Defendant Scott. The Magistrate Judge's reliance on *Sanderfer v. Nichols*, 62 F. 3d 151 (6th Cir. 1995) is misplaced. In *Sanderfer*, the defendant nurse was unaware of facts that would lead her to conclude that her actions posed a serious risk of harm to the plaintiff. *Id*. at 155. The plaintiff in *Sanderfer*, who ultimately died as a result of "hypertensive and arteriosclerotic cardiovascular disease[,]" did not complain of hypertension, and he was examined and treated for his respiratory symptoms of which he did complain. *Id.* at 153, 155. The Court rejects this portion of the Magistrate Judge's recommendation and Defendant Scott remains in this action.

The Magistrate Judge recommended that, to the extent Plaintiff asserts a claim under the Federal Torts Claim Act, such a claim should be dismissed because Plaintiff has failed to plead facts demonstrating that he exhausted his administrative remedies available through the Bureau of Prisons' administrative remedy program. *See Bruce v. United States*, 621 F. 2d 914, 918 (8th Cir. 1980). The Court agrees with the Magistrate Judge's recommendation. Therefore, to the extent that Plaintiff raises a claim under the Federal Torts Claim Act, such claim is subject to dismissal.

Accordingly,

IT IS ORDERED that Magistrate Judge Charles E. Binder's Report and Recommendation [**Docket No. 5, filed September 3, 2009**] is ACCEPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Marshal serve Nurse Scott at the Milan Correctional

Facility with a copy of the complaint and summons in this matter.

IT IS FURTHER ORDERED that Nurse Scott file an Answer or otherwise respond to Plaintiff's Complaint within twenty-one days from the date of this Order.

IT IS FURTHER ORDERED that this matter is referred back to the Magistrate Judge.

IT IS SO ORDERED.

                                                         /s/ Denise Page Hood  
                                                        DENISE PAGE HOOD  
Dated: April 7, 2010                                  United States District Judge

I hereby certify that a copy of the foregoing document was served upon Anthony Clark, Reg. No. 10813424, Milan Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160 on April 7, 2010, by electronic and/or ordinary mail.

                                                         S/William F. Lewis  
                                                       Case Manager