UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY CLARK,

    *Plaintiff*,                        CASE NO. 09-CV-12717

*v.*                                     DISTRICT JUDGE DENISE PAGE HOOD
                                         MAGISTRATE JUDGE CHARLES E. BINDER

NURSE SCOTT,

    *Defendant*.
_____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO RULE 41(b) OF THE
## FEDERAL RULES OF CIVIL PROCEDURE


**I.**     **RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.


**II.**     **REPORT**

    **A.**     **Background**

On April 16, 2010, documents were given to the U.S. Marshal's Service to accomplish service of process on Defendant Scott, the sole remaining defendant in this case, as required by Rule 4(c)(3) of the Federal Rules of Civil Procedure when a plaintiff is proceeding *in forma pauperis*. On May 20, 2010, the Waiver of Service as to Defendant Nurse Scott was returned unexecuted, with a notation on the envelope that Defendant Scott was no longer employed at FCI Milan.

Although Rule 4(c)(3) "does not provide guidance for the court's obligation, if any, when the initial attempt to serve process is not effectuated . . . [the Sixth Circuit] has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated and declines to do so . . . ." *Fitts v. Sicker*, 232 Fed. App'x 436, 443 (6th Cir. 2007). Accordingly, Plaintiff Clark was ordered to either provide a current address for Defendant Scott or show cause in writing by July 14, 2010, why a report and recommendation should not be entered recommending that Defendant Scott be dismissed for failure to serve.

The deadline has passed, and Plaintiff failed to respond to the Order to Show Cause.

**B.     Discussion**

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also

2

*sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff failed to comply with the Court's order to provide an address for the remaining defendant or to respond in any way to the order to show cause. Therefore, I find that he has failed to actively pursue the litigation that he initiated, and recommend that the case be *sua sponte* dismissed for failure to prosecute.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

3

others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                              s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰. 𝕭𝖎𝖓𝖉𝖊𝖗
                                              CHARLES E. BINDER
Dated: August 20, 2010                           United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report And Recommendation was electronically filed this date, served by first class mail on Anthony Clark, Jr., c/o Evelyn Goods, 1950 W. Devon, Chicago, IL, 60660-1000; and served on District Judge Hood in the traditional manner.

Date: August 20, 2010                   By     s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder