UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CLARK,

       Plaintiff,                            Case No. 09-12717
                                                  Honorable Denise Page Hood

v.

NURSE SCOTT,

       Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## & MODIFYING IN PART

**I. Introduction**

This matter is before the court on Magistrate Judge Charles E. Binder's Report and Recommendation, dated August 20, 2010 [Dkt. No. 14]. Plaintiff has not filed objections as of this date.

Plaintiff, Anthony Clark ("Clark"), filed this action, *pro se*, on July 9, 2009, as a prisoner of the State of Michigan. Magistrate Judge Binder filed a Report and Recommendation ("R&R") on September 3, 2009, dismissing the case against all named defendants *sua sponte*. The Court accepted in part and rejected in part the R&R of the Magistrate Judge. (Dkt. No. 8). The Court ordered the U.S. Marshal's Service to serve Defendant Scott, but service failed because of her discontinued employment at FCI Milan. The Court then issued an Order to Show Cause that Clark either provide a current address for Defendant Scott or show cause in writing by July 14, 2010, why a R&R should not be entered recommending that Defendant Scott be dismissed for failure to serve. (Dkt. No. 13). Clark has not responded to the Order to Show Cause and for the reasons set forth below, the case should be dismissed without prejudice.

**II. Standard of Review**

    **A. Report and Recommendation**

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.*

In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right to appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**III. Applicable Law & Analysis**

The Court agrees with the Magistrate Judge's application of balancing the difficulties a *pro se* litigant faces, with that of the "defendant's right to a fair and timely resolution of litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss a case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court..." Fed. R. Civ. P. 41 (b). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to

'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F>2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

Though the Court agrees with the Magistrate Judge that the case should be dismissed on the grounds of Clark's failure to respond to the Order to Show Cause, the dismissal should be without prejudice. The Court has already decided that Defendant Scott is an appropriate defendant and considering the circumstances surrounding Clark's current situation should warrant such a decision.

**IV. Conclusion**

For the reasons set forth above,

IT IS ORDERED that Magistrate Charles E. Binder's August 20, 2010 Report and Recommendation **[No. 14, 8/20/2010]** is ACCEPTED with modifications as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that this cause of action is DISMISSED, *sua sponte*, WITHOUT PREJUDICE.

    S/Denise Page Hood
    Denise Page Hood
    United States District Judge

Dated: January 13, 2011

I hereby certify that a copy of the foregoing document was served upon Anthony Clark, c/o Evelyn Goods, 1950 W. Devon, Chicago, IL 60660-1000 on January 13, 2011, by electronic and/or ordinary mail.

    S/Shawntel R. Jackson
    Case Manager